IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| KRISTY HENDERSON, individually and on behalf of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOLIDAY CVS, L.L.C., a Florida limited liability company, CVS CAREMARK CORPORATION, a Delaware corporation d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and XYZ ENTITIES 1-1000, fictitious names of unknown liable entities,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>9:09-cv-80909-Marra/Johnson<br><br>June 23, 2009 |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Without admitting any allegations of Plaintiff's Complaint as to the proper names or identities of the Defendants, Defendants CVS Caremark Corporation ("CVS Caremark"), CVS Pharmacy, Inc. ("CVS Pharmacy") and Holiday CVS, L.L.C. ("Holiday CVS") (collectively "Defendants") file this Answer to the Complaint filed against them by Plaintiff Kristy Henderson ("Plaintiff") on behalf of herself and an alleged group of "similarly situated" current and former employees whom she purports to represent, the existence of which is expressly denied, and hereby answer as follows:

Responding to the specific numbered paragraphs of the Complaint, and using the same numbered paragraphs that appear therein, Defendants answer as follows:

1.

Defendants admit that Plaintiff purports to bring an action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), but deny that Plaintiff, or the group as defined by Plaintiff, the existence of which is expressly denied, is entitled to collective treatment or any relief whatsoever.  Defendants CVS Caremark and CVS Pharmacy expressly deny that they employed Plaintiff at any time.  Defendants deny that they violated any obligation under the FLSA to pay overtime or other wages to Plaintiff or any member of the alleged group of individuals as defined by Plaintiff, the existence of which is expressly denied.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.

Defendants admit that Plaintiff was employed by Holiday CVS as an Assistant Store Manager at retail pharmacy stores in or around Palm Beach County, Florida from May 2007 until December 1, 2007.  Defendants CVS Caremark and CVS Pharmacy expressly deny that they employed Plaintiff at any time.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.

Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.

Defendants admit that CVS Caremark is a corporation organized and existing under the laws of the state of Delaware.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.

Defendants admit that CVS Pharmacy is organized under the laws of the State of Rhode Island, and is registered with the Florida Secretary of State to do business in Florida. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.

Defendants admit that Holiday CVS is a limited liability company, organized under the laws of the State of Florida, and registered with the Florida Secretary of State to do business in Florida. Defendants admit that Holiday CVS owns and operates certain retail pharmacy stores in Florida. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.

Defendants admit that this Court has subject matter jurisdiction to consider FLSA claims. Defendants admit that they are enterprises engaged in commerce as defined in 29 U.S.C. § 203(s)(1)(A). Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.

Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.

Defendants admit that Defendant Holiday CVS was an "employer" within the meaning of the FLSA with respect to Plaintiff. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

**Response to "Collective Action Allegations"**

10.

Defendants admit that Plaintiff purports to seek to pursue a collective action under the FLSA on behalf of all other Assistant Store Managers nationwide, but denies that this is an appropriate collective or representative action under 29 U.S.C. § 216(b). Defendants deny that Plaintiff and the group as defined by Plaintiff are similarly situated and/or entitled to collective treatment or to any relief whatsoever. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11.

Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.

Defendants admit that as an exempt managerial employee, Plaintiff's work expectations in a week were not tied to a 40-hour work-week. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.

Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.

Defendants admit that as an exempt managerial employee, Plaintiff's work expectations in a week were not tied to a 40-hour work-week. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.

Defendants deny the allegations set forth in Paragraph 15 of the Complaint and deny that Plaintiff is entitled to the notice process she seeks.

16.

Defendants admit that certain records regarding Plaintiff's employment as an Assistant Store Manager are in the possession, custody or control of Holiday CVS.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

### Response to "Further Jurisdictional Allegations"

17.

Defendants deny that venue is proper with respect to all Defendants.  Defendants admit that Plaintiff claims that some of the alleged events as related to Plaintiff and Holiday CVS as stated in the Complaint occurred within the State of Florida and the Southern District of Florida.  Defendants further admit that Defendants CVS Pharmacy and Holiday CVS are licensed to do business in Florida, conduct business in Florida and that Holiday CVS operates stores within the Southern District of Florida.  Defendants expressly deny that CVS Caremark is licensed to do business in Florida, is doing business in Florida, or operates stores in Florida or within the Southern District of Florida.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

### Response to "Damages, Liquidated Damages, and Other Relief"

18.

Upon information and belief, Defendants admit that Plaintiff has retained the Shavitz Law Group, P.A. to represent her.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's incurred or anticipated attorney's fees and costs or those of unknown alleged opt-ins, and therefore deny all such allegations set forth in Paragraph 18 of the Complaint.  Defendants deny that Plaintiff is entitled to any relief in this lawsuit, including but not limited to attorney's fees and costs.  Except as expressly admitted herein, Defendants deny

the allegations set forth in Paragraph 18 of the Complaint.

19.

Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

### Response to "Count I – Recovery of Overtime Compensation"

20.

In response to paragraph 20, Defendants reincorporate their responses to Paragraphs 1-19 as if fully set forth herein.

21.

Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendants deny that that the group as defined by Plaintiff, the existence of which is expressly denied, is entitled to collective treatment or any relief whatsoever. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.

Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.

Defendants admit that Plaintiff demands a jury trial "on all counts," but deny that Plaintiff or any group as defined by Plaintiff, the existence of which is expressly denied, is entitled to a jury trial on all the issues plead.

**Response to "WHEREFORE" Paragraph**

Defendants deny that Plaintiff or any group of individuals whom they purport to represent, the existence of which is expressly denied, is entitled to any of the relief identified in the "WHEREFORE" Paragraph as stated in the Complaint or to any other relief of whatsoever nature.

**GENERAL DENIAL**

Defendants deny each and every allegation in the Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

For purposes of this Answer, Defendant CVS Caremark Corporation appears specially and without waiving any jurisdictional defenses. CVS Caremark Corporation is a Delaware corporation with its principal office in Rhode Island. CVS Caremark Corporation is not operating, conducting, engaging in, or carrying on a business or business venture in Florida and does not have an office or agency in Florida. Further, CVS Caremark Corporation does not maintain a registered agent in Florida. Therefore, this Court lacks personal jurisdiction over CVS Caremark Corporation.

**SECOND DEFENSE**

Neither CVS Caremark Corporation nor CVS Pharmacy, Inc. is now or ever were the employer, as that term is defined by the Fair Labor Standards Act ("FLSA"), of Plaintiff or any alleged group of individuals as defined by Plaintiff, the existence of which is expressly denied, and neither CVS Caremark Corporation nor CVS Pharmacy, Inc. is a proper party to this lawsuit.

## THIRD DEFENSE

Venue is not proper with respect to Plaintiff's individual claim against CVS Caremark Corporation, and venue may not be proper for the alleged group of persons as defined by Plaintiff, the existence of which is expressly denied.

## FOURTH DEFENSE

Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted against Defendants by this Court.

## FIFTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Process and service of process on Defendants is insufficient and/or improper and Plaintiff's claims should be dismissed.

## SEVENTH DEFENSE

The certification and trial of this case as a collective action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution.

## EIGHTH DEFENSE

Notice to the alleged group as defined by Plaintiff, the existence of which is expressly denied, would violate Defendants' due process rights.

## NINTH DEFENSE

Plaintiff cannot satisfy the requirements of a collective action, and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group

of individuals as defined by Plaintiff, and/or the members of the group of individuals as defined by Plaintiff are not similarly situated to each other.

## TENTH DEFENSE

Some or all of the claims alleged in the Complaint are barred because Plaintiff and/or members of the alleged group of persons as defined by Plaintiff at all times relevant to this action were exempt from the minimum wage and overtime provisions of the FLSA pursuant to 29 U.S.C. § 213(a)(1), including, but not limited to, the executive and/or administrative exemptions contained therein.

## ELEVENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred because a collective action would be unmanageable and is not superior to other available methods for the fair and efficient adjudication of this controversy.

## TWELFTH DEFENSE

Plaintiff and/or some or all of the members of the alleged group as defined by Plaintiff, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

## THIRTEENTH DEFENSE

With respect to some or all claims alleged by Plaintiff and/or members of the alleged group as defined by Plaintiff, Defendants plead that any act(s) and/or omissions(s) which may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith and were based upon reasonable grounds that they were not violations of the FLSA.

## FOURTEENTH DEFENSE

The damages claimed by Plaintiff and/or some or all of the members of the alleged group

as defined by Plaintiff are barred to the extent they are speculative in nature.

## FIFTEENTH DEFENSE

The Complaint fails to state a claim for which compensatory, consequential, or liquidated damages may be granted.

## SIXTEENTH DEFENSE

Some or all of the claims for damages or relief are barred because such damages or relief are not available under applicable law, or claims exceed relief available under applicable law.

## SEVENTEENTH DEFENSE

Neither Plaintiff nor members of the alleged group as defined by Plaintiff may recover liquidated damages, because neither Defendants nor any of their officers, directors, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## EIGHTEENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals and/or interpretations of the Wage and Hour Division of the United States Department of Labor.

## NINETEENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

## TWENTIETH DEFENSE

Some or all of the claims are barred to the extent that job performance did not meet the

employer's reasonable expectations and/or requirements for the position held.

### TWENTY-FIRST DEFENSE

The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is de minimis and therefore not compensable.

### TWENTY-SECOND DEFENSE

Plaintiff's claims and/or the claims of the members of the alleged group as defined by Plaintiff are barred because of their unwillingness or inability to perform the required duties of the position held does not alter their status as "exempt" employees under the FLSA.

### TWENTY-THIRD DEFENSE

Some or all of the claims asserted in the Complaint are barred by the doctrine of settlement and release.

### TWENTY-FOURTH DEFENSE

Defendants reserve the right to assert, plead, and rely on all proper defenses lawfully available, including those which may be disclosed or discovered through discovery or further assertions by Plaintiff or persons in the alleged group as defined by Plaintiff.

WHEREFORE, having answered and responded to the allegations in the Complaint, Defendants deny that Plaintiff or any alleged group as defined by Plaintiff, the existence of which is expressly denied, is entitled to trial by jury on all claims and/or relief sought. Defendants deny that Plaintiff is entitled to the relief requested and respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;
2. Each and every prayer for relief contained in the Complaint be denied;
3. Judgment be entered in favor of Defendants;

**4.** All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and that

**5.** Defendants have such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 23rd day of June, 2009.

*/s/ James J. Swartz, Jr.*
James J. Swartz, Jr.
*Florida Bar No. 59565*
jimswartz@asherafuse.com
**ASHE, RAFUSE & HILL, LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia  30309
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KRISTY HENDERSON, individually and on behalf of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOLIDAY CVS, L.L.C., a Florida limited liability company, CVS CAREMARK CORPORATION, a Delaware corporation d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and XYZ ENTITIES 1-1000, fictitious names of unknown liable entities,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>9:09-cv-80909-Marra/Johnson<br><br>June 23, 2009 |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2009, I electronically filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

Gregg I. Shavitz
Hal Anderson
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, FL 33432

*s/ James J. Swartz, Jr.*
James J. Swartz, Jr.
*Florida Bar No. 59565*
jimswartz@asherafuse.com
**ASHE, RAFUSE & HILL, LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia  30309

Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Counsel for Defendants