UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

KRISTY HENDERSON,
individually and on behalf of
persons similarly situated,

      Plaintiff,

v.

HOLIDAY CVS, L.L.C,
a Florida limited liability company,
CVS CAREMARK, CORPORATION,
a Deleware corporation,
d/b/a CVS/PHARMACY,
CVS PHARMACY, INC.,
a Rhode Island corporation,
d/b/a CVS/PHARMACY, and
XYZ ENTITIES 1-1000,
fictitious names of unknown liable entities,

      Defendants.
_____/

## JOINT REPORT OF 26(f) CONFERENCE

The Parties, by and through their undersigned attorneys, pursuant to Rule 26(f) and this Court's June 29, 2009 Order Requiring the Parties to Confer, file this, their Report of their meeting pursuant to Rule 26(f).

**I.     PROPOSED DISCOVERY PLAN FED.R.CIV.P. 26(f)**

    1)    **Changes In Timing, Form Or Requirements under Rule 26(a), Fed.R.Civ.P.**

    **Joint Statement:** The parties agree to make initial disclosures by August 3, 2009.

    2)    **Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, And How Discovery Should Be Conducted:**

    **Joint Statement:** The parties agree that discovery is needed to determine liability and damages.

**Plaintiff's Statement:** Plaintiff does not believe that discovery should be conducted in phases. Plaintiff intends to promptly seek conditional certification of a collective action and does not believe discovery is needed to complete briefing.

**Defendants' Statement:** Defendant disagrees with Plaintiff's position. In light of the fact that this case has been plead as a collective action under the Fair Labor Standards Act ("FLSA"), Defendants believe that discovery should be conducted in phases. The first phase should be limited to whether or not Plaintiff and the putative class of Assistant Store Managers are similarly situated for purposes of collective treatment under the FLSA. Defendants intend to depose Plaintiff, all opt-in plaintiffs, and any individuals upon whom Plaintiff relies (by declaration, affidavit or otherwise) in support of her motion for conditional certification and believes that such discovery is necessary to address the issues relevant to conditional certification. Defendants also propose that the Court require Plaintiff and any opt-in plaintiffs to submit a Verified Summary of all hours worked as discussed below.

> **Plaintiff's Response:** Plaintiff opposes the above intentions of Defendants.

3) **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

**Joint Statement:** The parties will provide paper copies of responsive non-privileged emails and other electronic data or, if more cost effective, may provide disks, or other media, containing static images of such information. In the event of out of the ordinary expenses, the requesting party may bear the costs of assembling and producing such information, and any disputes concerning this will be brought to the attention of the Magistrate Judge. Counsel will instruct their clients to preserve relevant electronic data.

4) **Any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in an order.**

**Defendants' Statement:** Defendants' counsel has raised with Plaintiff's counsel the fact that direct mailings and emails from Plaintiff's counsel to employees of Defendant CVS have resulted in ex parte communications with Store Managers with whom Plaintiff's counsel should not communicate directly. Plaintiff's counsel has failed to respond to address Defendants' counsel's concerns. See Section 6 below.

> **Plaintiff's Response:** In response, Plaintiff would state that it has previously given Defense counsel assurances and reassurances that Plaintiffs are mindful of all ethical restrictions on advertising, and strictly

complied, and that Plaintiff believes Defendant is raising such an issue only to distract from the merits of the matter.

**Joint Statement:** Undersigned counsel also have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection in discovery, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

The parties agree to communicate, in writing, immediately after discovering that material the party claims as privileged has been sent to the other party, by providing a letter identifying the material that said party claims is privileged, and requesting the return of the material. The recipient of such a request will immediately honor the request and return the original and all copies of the material. The return of any such information will not constitute a waiver of that party's rights to challenge the claim of privilege.

5)   **Whether Changes Should Be Made In Limitations On Discovery Under The Federal and Local Rules:**

**Joint Statement:** The parties are conferring on a proposed schedule pursuant to this Court's June 29, 2009 Order and will submit a joint scheduling report pursuant to Local Rule 16.1(B)(2) & (3) within the timeframe set forth in that Order.

**Plaintiff's Statement:**

Plaintiff anticipates a number of current and former employees of Defendant may become party plaintiffs in this action. Further, Plaintiff anticipates a number of depositions of current and former payroll personnel, managers and assistant managers will be necessary in this action. Inasmuch as Plaintiff intends to move to expand this action as a collective action pursuant to 29 U.S.C. §216(b), Plaintiff believes that the parties will need to re-collaberate on scheduling issues after the extent of opt-in participation is determined.

Plaintiff disagrees with Defendants' proposed "Verified Summary" procedure described below, and, if the Court adopts such a procedure for this case, requests that Defendants produce each plaintiff's and opt-in plaintiff's within 30 days of their submission of a "Verified Summary." Furthermore, plaintiff opposes Defendant's proposed procedure as, to the extent Plaintiff's motion for conditional certification of notice is granted, Plaintiff believes that representative discovery should control.

In light of Plaintiff's intention to file their motion for conditional certification to give notice to all similarly situated assistant managers of CVS within the next week, Plaintiff also suggests the Court consider delaying a Scheduling Order until such time as there is a ruling on Notice because depending on such a ruling will affect what type of deadlines to work within hereinafter.

**Defendants' Statement:**

This case is plead as a collective action under the Fair Labor Standards Act, and if certified, may result in additional class members opting into this litigation. The total number of depositions Defendants may take depends on whether and how many additional persons opt in to the action and how many declarants Plaintiff intends to rely on to support any motion for certification of a collective action. Defendants do not believe that "representative discovery" is proper in this action.

To promptly formulate the disputes between Defendants and Plaintiff or any opt-in plaintiff who has joined or may join this litigation, Defendant believes that the Court should require each Plaintiff or opt-in plaintiff to submit a Verified Summary of all hours worked by the individual during each relevant pay period, the rate of pay and wages paid, including overtime, if any, within thirty (30) days of filing a consent to join this lawsuit.

Defendants do not anticipate more than 25 interrogatories to each Plaintiff and opt-in plaintiff, absent special circumstances. If such circumstances arise, Defendants will seek permission from the Court to serve additional interrogatories.

6) **Other Orders That Should Be Entered By The Court Under Fed.R.Civ.P. 26(c) or 16(b) and (c):**

**Joint Statement:** The parties anticipate that discovery in this case may require the production of documents and information of a confidential and/or proprietary nature subject to protection pursuant to FED. R. CIV. P. 26(c). The parties will attempt to negotiate the terms of a proposed order to govern the protection of such documents and information, and will submit the proposed order for the Court's consideration and approval.

**Defendants' Statement:** Defendants believe, but Plaintiff disagrees, that Plaintiff's counsel has engaged in a campaign to solicit potential participants in this lawsuit in violation of the Florida Rules of Professional Conduct, circumventing the appropriate procedure for notice in FLSA collective actions and potentially communicating ex parte with Defendants' managerial employees. Defendants intend to file a motion for protective order.

> **Plaintiff's Response:** Not only does Plaintiff maintain that such a contention is baseless, but rather, Plaintiff is willing to permit any Court approved Notice that is issued to the class of similarly situated employees control the manner of communicating with the class.

-5-

RESPECTFULLY SUBMITTED, this <u>23rd</u> day of July, 2009.

| | |
|---|---|
| **/s/ GREGG I. SHAVITZ** | **/s/ JAMES J. SWARTZ, JR** |
| Gregg I. Shavitz, Esq., (Fla. Bar No. 011398) | James J. Swartz, Jr., Esq., (Fla. Bar No. 0059565) |
| Email: gshavizt@shavitzlaw.com | E-mail: jimswartz@asherafuse.com |
| Hal B. Anderson (Fla. Bar No. 093051) | ASHE, RAFUSE & HILL, LLP |
| E-mail: hal.anderson@shavitzlaw.com | 1355 Peachtree Street, N.E., Suite 500 |
| SHAVITZ LAW GROUP, P.A., | Atlanta, GA 30309 |
| 1515 South Federal Hwy, Suite 404 | Telephone: 404-253-6000 |
| Boca Raton, Florida 33432 | Facsimile: 404-253-6060 |
| Telephone: 561-447-8888 | Attorneys for Defendants |
| Facsimile: 561-447-8831 | |
| Attorneys for Plaintiff | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KRISTY HENDERSON, individually and on behalf of persons similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>HOLIDAY CVS, L.L.C., a Florida limited liability company, CVS CAREMARK CORPORATION, a Delaware corporation d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and XYZ ENTITIES 1-1000, fictitious names of unknown liable entities, )<br><br>Defendant. ) | CIVIL ACTION NO.:<br><br>9:09-cv-80909-Marra/Johnson<br><br>June 30, 2009 |

### CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2009, I electronically filed the foregoing JOINT REPORT OF 26(f) CONFERENCE via the Court's CM/ECF system, which will generate service of same to the following counsel of record:

>Gregg I. Shavitz
>Hal Anderson
>SHAVITZ LAW GROUP, P.A.
>1515 S. Federal Hwy., Suite 404
>Boca Raton, FL 33432

>*s/ James J. Swartz, Jr.*
>Counsel for Defendants