UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

KRISTY HENDERSON,
individually and on behalf of
persons similarly situated,

       Plaintiff,

v.

HOLIDAY CVS, L.L.C,
a Florida limited liability company,
CVS CAREMARK, CORPORATION,
a Delaware corporation,
d/b/a CVS/PHARMACY,
CVS PHARMACY, INC.,
a Rhode Island corporation,
d/b/a CVS/PHARMACY, and
XYZ ENTITIES 1-1000,
fictitious names of unknown liable entities,

       Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES
TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION**

      Plaintiff, KRISTY HENDERSON, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, requests the entry of an Order overruling objections and compelling Defendant, HOLIDAY CVS, LLC, to provide better responses to Plaintiff's Fourth Request for Production, and states:

1. On or about September 11, 2009, Plaintiff served Defendant, HOLIDAY CVS, LLC, with the Fourth Request for Production.

2. On or about October 15, 2009, Defendant, HOLIDAY CVS, LLC, served its Response to Plaintiff's Fourth Request for Production.

3. For the reasons stated in detail below, Plaintiff requests that the Court overrule Defendant's objections and compel better responses to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12B, 15, 16, 17, and 19.

1

4.   Pursuant to Local Rule 7.1, Plaintiff represents that the Parties engaged in extensive good faith efforts to narrow and resolve the issues raised by this Motion.  The Parties were unable to resolve the issues raised by this Motion.

5.   Pursuant to Federal Rule of Civil Procedure 37, Plaintiff seeks an award of the reasonable attorney's fees incurred related to this Motion.

For these reasons, Plaintiff, KRISTY HENDERSON, requests the entry of an Order overruling objections and compelling Defendant, HOLIDAY CVS, LLC, to provide better responses  to Plaintiff's Fourth Request for Production, as more fully set forth herein.

## MEMORANDUM OF LAW

## I.  GOVERNING LEGAL STANDARDS

As this Honorable Court recently stated:

A full and broad scope of discovery whenever possible is the standard under the Federal Rules of Civil Procedure in order to allow a party to discover "any matter, not privileged, that is relevant to the claim or defense of any party." *Fed. R. Civ. P.* 26(b)(1); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Indeed, it is a basic principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-08, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Further, under Fed. R. Civ. P. 26(b)(1), the concept of relevancy "is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (Citation omitted). Thus, "discovery . . . is designed to help define and clarify the issues." Id. Therefore, information can be relevant and discoverable even if it is not admissible at trial as long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States*, 502 F.2d 506, 509-10 (5th Cir. 1974)  (citations omitted).

*The Regency of Palm Beach, Inc. v. QBE Insurance Corp*., 2009 U.S Dist. Lexis 77141, *4-5 (S.D. Fla. 2009).  Consistent with this Honorable Court's pronouncements, the Honorable Linnea Johnson, the Magistrate assigned to this case, has noted:

 Rule 33 of the Federal Rules of Civil Procedure allow any party to serve on any other party written interrogatories concerning matters within the scope of Federal Rule Civil Procedure 26(b). The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Hickman v. Taylor*, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

2

*See also Farnsworth v. Procter & Gamble Co*., 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp*., 85 F.R.D. 724 (N.D. Ga. 1981). *See also Hickman*, 329 U.S. at 501. Thus, under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.* at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States*, 502 F.2d 506 (5th Cir. 1974)."

. . .

"Additionally, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). *Rossbach v. Rundle*, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000); *Dunkin' Donuts Inc. v. Mary's Donuts, Inc*., 2001 U.S. Dist. Lexis 25204, 2001 WL 34079319 (S.D. Fla. 2001)("the burden of showing that the requested information is not relevant to the issues in the case is on the party resisting discovery")(citation omitted); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information"). Thus, to even merit consideration, "an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Coker v. Duke & Co*., 177 F.R.D. 682, 686 (M.D. Ala. 1998)."

*Donahy v. Palm Beach Tours & Transportation*, 242 F.R.D. 685, 687 (S.D. Fla. 2007).

## II. ARGUMENT

### A. DEFENDANT'S OBJECTIONS ARE LEGALLY DEFICIENT, MUST BE OVERRULED AND DEFENDANT ORDERED TO ANSWER

Before addressing the deficiencies of each and every one of Defendant's many objections, *see infra*, it is important to note the overall legal insufficiency of Defendant's Response to Plaintiff's Fourth Request for Production. *Calderon v. Reederei Clauspeter Offen*,

3

2008 U.S. Dist. Lexis 76323, *3 (S.D. Fla. 2008).  In the instant case, Defendant's "generic, boilerplate objections are not sufficient; [r]ather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome."  *Id.* at *6-7 (citations omitted).

In addition to its "generic, boilerplate" objections, Defendant also objects to many of the interrogatories on the basis of attorney-client and/or work product privilege.[1] With regard to all of the "privileges" cited in its objections, Defendant served an **untimely** privilege log. Local Rule 26.1 of the Local Rules for the Southern District of Florida provides that a privilege log **must** be produced when "a claim of privilege is asserted in objecting to any interrogatory or production demand . . . and an answer is not provided on the basis of such assertion." This Rule means that the privilege log **must** be served **with the objections**, regardless of other objections asserted.  *Federal Trade Commission v. Nationwide Connections, Inc.*, 2007 U.S. Dist. Lexis 62891, *3 (S.D. Fla. 2007)..  Defendant's failure to timely file a privilege log deems that all claims of privilege are **waived**.  *See, Pitts v. Frances*, 2008 U.S. Dist. Lexis (M.D. Fla. 2008).[2]

### B.  DEFENDANT'S OBJECTIONS TO REQUEST NOS. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12B, 15, 16, 17, AND  19 OF THE FOURTH REQUEST FOR PRODUCTION SHOULD BE OVERRULED AND DEFENDANT REQUIRED TO PROVIDE A BETTER RESPONSE, INCLUDING RESPONSIVE DOCUMENTS

#### 1.  Request No. 1

All documents relating to the guidelines that field management uses to determine when to have an "assistant manager" position added to or removed from a store, including without limitation budget models or standards.

**Defendant's Response to Request No. 1 states**:

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client

---

[1]  Defendant also objects to many of the Interrogatories at issue based upon the "self-critical analysis" privilege, which has **not** been recognized by the Eleventh Circuit and which, in any event, does not apply to the facts of the case.  *Berner v. Carnival Corp*., 2009 U.S. Dist. Lexis 35768 (S.D. Fla. 2009).

[2]  In addition, Defendant only addresses its discovery responses to Plaintiff, Henderson, and Opt-In Plaintiff, Choudhry.  However, there are additional Opt-In Plaintiffs to whom the Interrogatories apply.

privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects on the grounds that this request is overbroad, vague and ambiguous in its request for "budget models," "standards" and "guidelines."

**<u>Defendant's Objections to Request No. 1 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents:</u>**

First, Defendant's failure to timely file a privilege log deems that any privilege is **<u>waived</u>**. *See, Frances, supra*. At a minimum, the failure to file a privilege log subjects Defendant to sanctions. *Ayala v. American Security Insurance Co.*, 2009 U.S. Dist. Lexis 59924 (S.D. Fla. 2009) (citing, Fed. R. Civ. P. 26(b)(5)(A); S.D. Fla. L.R. 26.1(G)(3)(c); Fed. R. Civ. P. 37(a)(5)(A)).

Second, Defendant's objections regarding the geographic scope fail to appreciate that this is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"). D.E. 1. In this collective action, Plaintiff seeks statewide certification of a collective action. D.E.1, D.E. 37. In addition to the named Plaintiff, Kristy Henderson,, nine other Plaintiffs have opted in including Muhammad Chaudhry [D.E. 22], Wesley Gorman [D.E. 4],[3] Larry Brinkley [D.E. 35], and Debora Williams [D.E. 11]. The Plaintiff, Chaudhry, Gorman, and Brinkley worked at various locations throughout the State of Florida. Williams, however, worked in Detroit, Michigan, thereby establishing that discovery beyond Florida is the relevant geographic scope to the present action.

In addition, the geographic scope of discovery in an FLSA action is not limited to the locations where the named plaintiff(s) and opt-plaintiff(s) worked. *Planner v. Bennett Auto Supply, Inc*., 2006 U.S. Dist. Lexis 96952 (S.D. Fla. 2006). As noted by the Court in *Planner*, discovery regarding **<u>all</u>** of a defendant's location is relevant, "because it could potentially go to the determination of Plaintiff's alleged exempt status." *Id.* at *6-7. Likewise, in the instant case, Defendant's response to Request No. 1 should pertain to **<u>all</u>**

---

[3]  While Gorman accepted an offer of judgment, his presence in the case demonstrates both the geographical and temporal scope of the asserted violation.

of Defendant's locations, because such discovery could potentially be relevant to ultimately demonstrating the non-exempt status of Assistant Store Managers. *See, Planner, supra.*

Third, Defendant's overbreadth/relevance objection based upon its assertion that Request No. 1 seeks information regarding persons not a party to this action similarly must be overruled. Collective actions under Section 216(b) necessitate a broad scope of discovery. *See, Acevedo v. Ace Coffee Bar*, 248 F.R.D. 550, 554 (N.D. Ill. 2008). An FLSA plaintiff is entitled to structure her suit to proceed as a collective action and may proceed with discovery prior to conditional certification. *See id*. While the FLSA limits a plaintiff's recovery to two or three years, as this Honorable Court has noted, "information can be relevant and discoverable even if it is not admissible at trial as long as the information is reasonably calculated to lead to the discovery of admissible evidence." *The Regency of Palm Beach, Inc. v. QBE Insurance Corp*., 2009 U.S Dist. Lexis 77141, *4-5 (S.D. Fla. 2009) (citations omitted).

Fourth, Defendant's claims of vagueness and ambiguity also should be overruled. "'Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.' . . . Rather, objections to discovery must be sufficiently plain and specific to allow the Court to understand precisely how the challenged discovery requests are alleged to be objectionable." *Badger v. Southern Farm Bureau Life Insurance Co*., 2008 U.S. Dist. Lexis 26689, *4 (M.D. Fla. 2008) (overruling vagueness objections) (citations omitted). Here, Defendant has failed to explain how Request No. 1 is so vague or ambiguous that it cannot form an answer. **In fact, the terms which Defendant claims to be vague were terms discussed at length during the deposition of Defendant's corporate representative**.

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 1 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**2. Request No. 2**

All documents relating to procedures or standards for performance evaluation, merit reviews, annual reviews or other reviews of persons holding the position of assistant manager.

**Defendant's Response to Request No. 2 states**:

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects on the grounds that this request is overbroad, vague and ambiguous in its request for "documents relating to procedures or standards for" Assistant Store Manager and evaluations.

Subject to and without waiver of the foregoing general and specific objections and subject to entry of an appropriate protective order, Defendant states that it has or will produce non-privileged responsive documents in its possession, custody which reflect written criteria for performance evaluations for Assistant Store Managers applicable to stores in which Henderson and Chaudhry worked as Assistant Store Managers.

**Defendant's Objections to Request No. 2 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 2 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**3. Request No. 3**

All documents relating to procedures or standards for performance evaluations, merit reviews, annual reviews or other reviews of persons holding the position of "shift manager," "shift supervisor," or "shift leader".

**Defendant's Response to Request No. 3 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects on the grounds that criteria for evaluating Shift Supervisors are not relevant to this action. Defendant further objects on the grounds that this request is overbroad, vague and ambiguous in its request for "documents relating to procedures or standards for" Shift Supervisor reviews and evaluations.

### **Defendant's Objections to Request No. 3 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

Third, the Eleventh Circuit has recognized that the duties of persons occupying positions both above and below the Plaintiff's position is relevant in determining the non-exempt or exempt status of the subject position. *See, Morgan v. Family Dollar Stores,* . 551 F. 3d 1233 (11th Cir. 2008). Thus, the standards for evaluating shift managers, shift supervisors and shift leader requested in Request No. 3 are relevant and reasonably calculated to the lead to the discovery of admissible evidence. With this discovery, Plaintiff can compare and contrast the duties, responsibilities and job descriptions of the positions below and above her to demonstrate the non-exempt nature of her duties.

Fourth, Defendant's vagueness objections are legally insufficient. *See, Badger, supra.*

For these reasons, Defendant has failed in its burden as the party resisting discovery.  Accordingly Defendant's objections to Request No. 3 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**4.  Request No. 4**

All documents relating to the organization or contents of the SMD training program, including without limitation syllabi, lesson plans, progress charts, guidelines, standards, instructions, and course materials.

**Defendant's Response to Request No. 4 states**:

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine.  Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers.

Subject to and without waiver of the foregoing general and specific objections and subject to the entry of an appropriate protective order, Defendant states that it will produce non-privileged responsive documents in it possession, custody or control, including the most recent revision of Phases I, II, and III of the SMD training program, the September 2005 and October 2007 revisions of SMD Phase I, the April 2004 revision of SMD Phase II, and the February 2002 revision of SMD Phase III.

**Defendant's Objections to Request No. 4 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the scope of the Request cannot be limited  to those versions Defendant selects to produce, as they may not have been the versions applicable to Plaintiff and the Opt-In Plaintiffs (of which there are now **nine**).   Notably, prior to filing this Motion, Plaintiff attempted to specifically clarify the version that Defendant referenced, but Defendant failed to respond.

9

For these reasons, Defendant has failed to satisfy its burden as the party resisting discovery.  Accordingly, Defendant's objections to Request No. 4 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**5.  Request No. 5**

All documents relating to salary or pay guidelines for the assistant manager position.

**Defendant's Response to Request No. 5 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine.  Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers.

Subject to and without waiver of the foregoing general and specific objections and subject to the entry of an appropriate protective order, Defendant states that it has or will produce non-privileged responsive documents within its possession, custody or control reflecting salary and pay guidelines including the 2008 Store Salary Administration Guidelines, applicable to Assistant Store Managers working in the stores in which Henderson and Chaudhry worked as Assistant Store Managers.

**Defendant's Objections to Request No. 5 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked.  *See, Planner, supra.*

For these reasons, Defendant has failed in its burden as the party resisting discovery.  Accordingly Defendant's objections to Request No. 5 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**6. Request No. 6**

All documents of any kind or format relating to programs, forms, standards, protocols or procedures for hiring, including without limitation RTI, for any position alleged to be supervised by assistant managers.

**Defendant's Response to Request No. 6 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects that standards for hiring positions supervised by Assistant Store Managers are not relevant to this action.

**Defendant's Objections to Request No. 6 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

Third, the Eleventh Circuit has recognized that the duties of persons occupying positions both above and below the Plaintiff's position is relevant in determining the non-exempt or exempt status of the subject position. *See, Morgan, supra.* Thus, the standards for hiring positions supervised by Plaintiff and other Assistant Store Managers requested in Request No. 6 are relevant and reasonably calculated to the lead to the discovery of admissible evidence. Further, the authority and ability of Assistant Store Managers to hire, fire, and discipline subordinates is directly relevant to the issue of their non-exempt/exempt status.

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 6 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**7.  Request No. 7**

11

All documents relating to the screening policies or minimum standards for hiring assistant managers.

**Defendant's Response to Request No. 7 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects that standards for hiring Assistant Store Managers are not relevant to this action. Defendant further objects to this request because the terms "screening policies" and "minimum standards" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections and subject to the entry of an appropriate protective order, Defendant states that it has or will produce non-privileged responsive documents within its possession, custody or control, concerning the desired qualifications for applicants for the position of Assistant Store Manager at the stores where Henderson and Chaudhry worked as Assistant Store Managers.

**Defendant's Objections to Request No. 7 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic and temporal scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.* Indeed, this Request seeks information regarding the Assistant Store Manager position – **the very position at issue in the instant case**.

Third, Defendant's vagueness objections are legally insufficient. *See, Badger, supra.*

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 7 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**8. Request No. 8**

All documents related to job postings or advertisements for the assistant manager position or encompassing the assistant manager position, including without limitation flyers brochures, or computer-based documents.

**Defendant's Response to Request No. 8 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects that advertisements for the Assistant Store Manager Position outside Henderson's and Chaudhry stores are not relevant to the instant action because they are unrelated to Henderson's and Chaudhry's employment as Assistant Store Managers; advertisements used in the District including Henderson's and Chaudhry's stores are unrelated to the subject matter of the action and not relevant.

Subject to and without waiver of the foregoing general and specific objections and subject to the entry of an appropriate protective order, Defendant states it will produce non-privileged responsive documents in its possession, custody or control, constituting job postings or advertisements for the position of Assistant Store Manager in the stores in which Henderson and Chaudhry worked.

**Defendant's Objections to Request No. 8 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked.  *See, Planner, supra.*  Moreover, notwithstanding Defendant's objections, information regarding stores other than those where Plaintiff and Opt-In Plaintiff Chaudhry worked is relevant and reasonably calculated to lead to the discovery of admissible evidence. *See id.*

For these reasons, Defendant has failed in its burden as the party resisting discovery.  Accordingly Defendant's objections to Request No. 8 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

### 9. Request No. 9

All documents relating to the screening policies or minimum standards for hiring any position alleged to be supervised by assistant managers.

### Defendant's Response to Request No. 9 states:

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information (a) outside FLSA time period and (b) unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant further objects that screening and minimum standards for hiring positions supervised by Assistant Store Managers are not relevant to this action. Defendant objects on the grounds that this request is duplicative and cumulative of prior requests. Defendant objects on the grounds that "screening policies" and "minimum standards for hiring" are overbroad and vague.

### Defendant's Objections to Request No. 9 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the geographic scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

Third, the Eleventh Circuit has recognized that the duties of persons occupying positions both above and below the Plaintiff's position is relevant in determining the non-exempt or exempt status of the subject position. *See, Morgan, supra.* Thus, the standards for hiring subordinates for Assistant Store Managers are relevant and reasonably calculated to the lead to the discovery of admissible evidence. With this discovery, Plaintiff can compare and contrast the duties, responsibilities and job descriptions of the positions below and above her to demonstrate the non-exempt nature of her duties.

14

Fourth, Defendant's vagueness objections are legally insufficient.  *See, Badger, supra.*

For these reasons, Defendant has failed in its burden as the party resisting discovery.  Accordingly Defendant's objections to Request No. 9 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

### 10.  Request No. 12 B

All documents relating to benefit plans, including without limitation stock options or stock investment programs, offered to employees in retail stores or in field management.

### Defendant's Response to Request No. 12B states:

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine.  Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information outside FLSA time period and unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant objects that the request is vague and overbroad because it does not define "benefit plans."  Defendant objects that any compensation offered to store managers and field management is not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to Henderson's and Chaudhry's claims as Assistant Store Managers.

Subject to and without waiver of the foregoing general and specific objections, and subject to the entry of an appropriate protective order, Defendant states it will produce the following non-privileged responsive documents within its possession, custody or control: the 2008 Store Salary Administration Guidelines.

### Defendant's Objections to Request No. 12B Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked.  *See, Planner, supra.*

Third, Defendant's vagueness objections are legally insufficient.  *See, Badger, supra.*

Fourth, Defendant cannot limited the version of the responsive documents its chooses to produce because that version may not apply to Plaintiff or some or all of the nine Opt-In Plaintiffs.  Notably, prior to filing this Motion, Plaintiff attempted to clarify if there was an earlier version than the one referenced by Defendant, but Defendant failed to respond to this offer of compromise.

For these reasons, Defendant has failed in its burden as the party resisting discovery.  Accordingly Defendant's objections to Request No. 12B should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**11.  Request No. 15**

Documents relating to personnel rosters at each store, including without limitation names and positions.

**Defendant's Response to Request No. 15  states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine.  Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information outside FLSA time period and unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant objects to the extent this request seeks rosters for stores at which Henderson and Chaudhry did not work.

Subject to and without waiver of the foregoing general and specific objections, Defendant will produce store rosters for the stores at which Henderson and Chaudhry worked as Assistant Store Managers for the time periods during which Henderson and Chaudhry worked, identifying the name and position of employees who may have worked with Henderson and Chaudhry.

**Defendant's Objections to Request No. 15 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked.  *See, Planner, supra.*

16

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 15 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**12. Request No. 16**

Documents relating to rosters or names and locations if training stores and training managers.

**Defendant's Response to Request No. 16 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information outside FLSA time period and unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant objects to the extent this request seeks rosters for stores at which Henderson and Chaudhry did not work. Defendant objects that documents containing the names and locations of training stores and training store managers are not reasonable calculated to lead to the discovery of admissible store evidence, and not relevant to Henderson's and Chaudhry's claims.

**Defendant's Objections to Request No. 16 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

Notably, prior to filing this Motion, Plaintiff offered to narrow this Request to have Defendant identify the locations of training stores within Florida. However, Defendant failed to respond to this offer of compromise.

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 16 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**13.  Request No. 17**

Documents relating to any standards, job descriptions, duties, qualifications or performance of training managers or other trainers involved in the training of assistant store managers.

**Defendant's Response to Request No. 17 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information outside FLSA time period and unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant objects that job descriptions for and documents evaluating the performance of Training Store Managers or other trainers are not reasonably calculated to lead to the discovery of admissible evidence, and not relevant because they are unrelated to Henderson's and Chaudhry's claims. Defendant further objects that this request is vague in its request for "standards, job descriptions, duties, qualifications or performance."

**Defendant's Objections to Request No. 17 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

Third, the Eleventh Circuit has recognized that the duties of persons occupying positions both above and below the Plaintiff's position is relevant in determining the non-exempt or exempt status of the subject position. *See, Morgan, supra.* Thus, the "standards, job descriptions, duties, qualifications or performance of training managers or other trainers involved in the training of assistant store managers" are relevant and reasonably calculated to the lead to the discovery of admissible evidence.   With this discovery, Plaintiff can compare and contrast the duties, responsibilities and job descriptions of the positions below and above her to demonstrate the non-exempt nature of her duties.

Fourth, Defendant's vagueness objections are legally insufficient. *See, Badger, supra.*

18

Notably, prior to filing this Motion, Plaintiff offered to narrow this Request to include the job description, if any, for the position of "training manager" or "trainer," as well as the standards or written qualifications for either of these positions. However, Defendant failed to respond to Plaintiff's offer to compromise on this Request.

For these reasons, Defendant has failed in its burden as the party resisting discovery. Accordingly Defendant's objections to Request No. 17 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

**14. Request No. 19**

The personnel files of any training manager or other trainer, however titled, who participated in the training of any plaintiff or opt-in plaintiff joining this lawsuit.

**Defendant's Response to Request No. 19 states:**

Defendant objects to this request on the grounds set forth in general objections 1, 2, 3, 4, 5, 6, 7, 8, and 9 with particularity. Defendant specifically objects to this request to the extent that it seeks information protected by the attorney-client privilege, self-critical analysis privilege, and/or work product doctrine. Defendant further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents and/or information outside FLSA time period and unrelated to Henderson's and Chaudhry's work as Assistant Store Managers. Defendant objects this request seeks highly sensitive information about person's not party to the litigation. Defendant objects that the personnel documents of training managers or any other trainers are not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to Henderson's and Chaudhry's claims.

**Defendant's Objections to Request No. 19 Should be Overruled and Defendant Ordered to Provide Better Responses, Including All Responsive Documents**

First, Defendant has waived any privilege by filing an untimely privilege log.

Second, the scope of the Request cannot be limited – as Defendant attempts – to the stores where Plaintiff and Opt-In Plaintiff Chaudhry worked. *See, Planner, supra.*

Notably, prior to filing this Motion, Plaintiff offered to narrow this Request include the names, date of employ and contact information for any person who trained Plaintiff or Opt-In Plaintiff Chaudhry. However, Defendant failed to respond to Defendant's offer to compromise on this issue. The information regarding the person(s)

19

who trained Plaintiff or Opt-In Plaintiff Chaudhry unquestionably is discoverable as it is directly relevant to their duties and non-exempt status.

For these reasons, Defendant has failed in its burden as the party resisting discovery.  Accordingly Defendant's objections to Request No. 19 should be overruled and Defendant ordered to provide better responses, including all responsive documents.

## III. ATTORNEY'S FEES

Because Defendant's objections were not "substantially justified," Plaintiff is entitled to an award of attorney's fees and costs related to this Motion.  Fed.R.Civ.P. 37(b)(2).

## IV. CONCLUSION

For all these reasons, Plaintiff requests that the Court overrule Defendant's objections and compel better responses to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12B, 16, 16, 17, and 19.  In addition, Plaintiff requests an Order finding her entitlement to the reasonable attorney's fees and costs related to this Motion.  Upon such an Order, Plaintiff will submit the appropriate documents so that the Court can award the reasonable amount.


Dated: November 24, 2009                    Respectfully submitted,
Boca Raton, Florida


                                             **s/GREGG I. SHAVITZ**
                                            Gregg I. Shavitz (Fla Bar No. 11398)
                                            E-mail: gshavitz@shavitzlaw.com
                                            Hal B. Anderson (Fla Bar No. 93051)
                                            E-mail: hal.anderson@shavitzlaw.com
                                            SHAVITZ LAW GROUP, P.A.
                                            1515 S. Federal Highway, Suite 404
                                            Boca Raton, Florida 33432
                                            Tel: 561-447-8888; Fax: 561-447-8831
                                            Attorneys for Plaintiff

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **November 24, 2009**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

<u>**s/GREGG I. SHAVITZ**</u>
Gregg I. Shavitz
Hal B. Anderson

## SERVICE LIST
*Kristy Henderson v. Holiday CVS, L.L.C, et al.*
**CASE NO. 09-80909-CIV- MARRA/JOHNSON**
**United States District Court, Southern District of Florida**

James J. Swartz, Jr, Esq.                                  (via CM / ECF)
Florida Bar No. 059565
Nancy E. Rafuse, Esq., *pro hac vice*                      (via CM/ECF)
ASHE, RAFUSE & HILL, LLP
E-mail: jimswartz@asherafuse.com
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Telephone: 404-253-6000
Facsimile: 404-253-6060
Attorneys for Defendants