UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

KRISTY HENDERSON,
individually and on behalf of
persons similarly situated,

    Plaintiff,

v.

HOLIDAY CVS, L.L.C,
a Florida limited liability company,
CVS CAREMARK, CORPORATION,
a Delaware corporation,
d/b/a CVS/PHARMACY,
CVS PHARMACY, INC.,
a Rhode Island corporation,
d/b/a CVS/PHARMACY, and
XYZ ENTITIES 1-1000,
fictitious names of unknown liable entities,

    Defendants.
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION

Plaintiff, KRISTY HENDERSON, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby files her Reply in support of the Motion to Compel Better Responses to Plaintiff's Fourth Request for Production, and states:

### I.  INTRODUCTION

Defendant's Response to the Motion to Compel focuses on four issues: (a) the geographic and temporal scope of the Fourth Request for Production; (b) the alleged burden associated with production; (c) the alleged vagueness of certain Requests; and (d) privilege. D.E. 74, *passim*.

1

Each of these objections fails to provide any grounds for Defendant to withhold the discovery requests at issue.

## II. THE SCOPE OF THE SUBJECT DISCOVERY PROPER

As to both the geographic and temporal scope, while admitting that the scope of Plaintiff's Motion for conditional certification of a collective action is statewide, Defendant nonetheless steadfastly (and erroneously) maintains that it may limit the geographic and temporal scope of its production to the stores where the named Plaintiff and one Opt-In Plaintiff worked for the three years preceding the filing of the lawsuit. However, the geographic scope of discovery in an FLSA action is not limited, as Defendant maintains, to the locations where the named plaintiff(s) and opt-plaintiff(s) worked. Defendant's attempt to distinguish *Planner v. Bennett Auto Supply, Inc.*, 2006 U.S. Dist. Lexis 96952 (S.D. Fla. 2006) [D.E. 74 at 7], which requires discovery regarding **all** of Defendants' locations, must fail. While Defendant contends that the *Planner* court did not address the "burden of discovery" [D.E. 74 at 7], in response to the requests at issue in Plaintiff's Fourth Request for Production, **Defendant has failed to raise any objection whatsoever based upon "undue burden."** Accordingly, any such objection has been waived. *See*, Part III, *infra*. Therefore, it is **irrelevant** whether the *Planner* court addressed the undue burden issue because that objection is not at issue based upon Defendant's failure to raise it. *See, Donahy, supra*.

*Planner* – a Southern District of Florida case – is on all fours and mandates that Defendant's objections to the geographic scope of discovery be overruled and Defendant be compelled to respond as to **all** of Defendant's locations nationwide. At a minimum, Defendant should be compelled to answer as to **all** of Defendant's locations statewide, as Defendant is on notice that Plaintiff is pursuing notice throughout the State of Florida. *See, Planner, supra.*

Case 9:09-cv-80909-KAM   Document 76   Entered on FLSD Docket 12/17/2009   Page 3 of 8

Similarly, Defendant's objections based upon the temporal scope should likewise be overruled. Defendant fails to appreciate as this Honorable Court "information can be relevant and discoverable even if it is not admissible at trial as long as the information is reasonably calculated to lead to the discovery of admissible evidence." *The Regency of Palm Beach, Inc. v. QBE Insurance Corp.*, 2009 U.S Dist. Lexis 77141, *4-5 (S.D. Fla. 2009) (citations omitted). Thus, even if the Court were to find that information beyond the three year statute of limitations might not be admissible for purposes of trial, it certainly should allow such discovery during discovery.

Given the broad scope of discovery in FLSA collective actions, Defendant has failed to raise any valid basis for its contention that production should be limited to three years. *See, Acevedo v. Ace Coffee Bar*, 248 F.R.D. 550, 554 (N.D. Ill. 2008). Accordingly, Defendant's objections to the temporal scope of Plaintiff's First Request for Production – which limit Defendant's response to a three year period -- should be overruled and Defendant compelled to respond completely and not unilaterally limit its responses to three years.

Moreover, while Defendant repeatedly maintains that the proper scope of discovery cannot be determined until the Court's ruling on conditional certification, this contention flies in the fact of the overwhelming Southern District of Florida precedent on this issue. That is, Defendant has failed to address, much less distinguish, the well-established case law in the Southern District of Florida which routinely permits plaintiffs in FLSA collective actions to obtain discovery regarding the similarly situated class members, even before conditional certification. *Martin v. American Travelers Staffing Professionals LLC*, 2009 U.S. Dist. Lexis 94479 (S.D. Fla. 2009); *Donahay v. Palm Beach Tours and Transportation*, 242 F.R.D. 685 (S.D. Fla. 2007); *Planner v. Bennett Auto Supply Inc.*, 2006 U.S. Dist. Lexis 96951 (S.D. Fla.

3

2006); *Titre v. S.W. Bach & Co.*, 2005 U.S. Dist. Lexis 32972 (S.D. Fla. 2005); *see also, Schneider v. Express Consolidation, Inc.,* Case No.: 05-80325-CIV-HURLEY [D.E. 97]; *Dupervil v. Asplundh Construction Co.*, Case No.: 04-81106-CIV-MIDDLEBROOKS [D.E. 19]; *Cius v. Palm Beach Transportation LLC*, Case No.: 05-80556-CIV-ZOCH [D.E. 96]. This precedent unquestionably establishes that, contrary to Defendant's contentions, the scope of discovery in an FLSA collective action is **not** delayed until the Court's determination on conditional certification.[1]

### III.  DEFENDANT HAS WAIVED ANY OBJECTIONS BASED UPON UNDUE BURDEN

To the extent that Defendant now is attempting to raise for the first time an objection regarding the burden associated with production, any such attempt must **fail.** All objections not asserted are waived. *Donahy v. Palm Beach Tours & Transportation*, 242 F.R.D. 685, 688 (S.D. Fla. 2007) (citing, Local Rule 26.1.G.6(a)). **Each and every one of Defendant's responses to the Requests at issue in the Fourth Request for Production fails to include any objection based upon the request being "unduly burdensome."** Accordingly, Defendant has **waived** any objections to based upon any alleged "undue burden." *See, Donahy, supra*.

Moreover, even if the objection was not waived, Defendant has the burden of establishing that a discovery request is unduly burdensome, which it has failed to do. *Id*. at 687 ("the onus is

---

[1]  With regard to the scope of discovery, Defendant suggests, incorrectly, that discovery regarding other positions is not permissible. The Eleventh Circuit has found job descriptions – including the job descriptions of employees both "above" and "below" the class of employees bringing suit – to be highly relevant in FLSA overtime cases, particularly ones involving assertions of misclassification and defenses of exemption. *See, Morgan v. Family Dollar Stores,* . 551 F. 3d 1233 (11th Cir. 2008). Contrary to Defendant's contentions, *Morgan* involved the job descriptions not only for the position at issue (store manager), but other positions as well, such as assistant store manager (position **below** store manager) and district manager (position **above** store manager). *Id*. at fns. 15 and 22. The relevancy of these job descriptions is to compare them with the job descriptions (and actual duties) of the subject employees. *Id.*

on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome.") (citations omitted).  Defendant has failed to come forward with the type of evidence required to support an objection of undue burden.  *Bank of Mongolia v. M & P Global Financial Services Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome"). [2]  In response to the Fourth Request for Production, Defendant completely failed to provide an affidavit or other evidence demonstrating the undue burden the production would entail.

For these reasons, Defendant's attempt to raise objections of undue burden for the first time in its Response to Plaintiff's Motion to Compel Better Responses to the Fourth Request for Production must fail.

## IV.  DEFENDANT'S VAGUENESS OBJECTIONS MUST BE OVERRULED

In its Response, Defendant still fails to inform this Court or Plaintiff how or why the Requests at issue are vague.  *Badger v. Southern Farm Bureau Life Insurance Co*., 2008 U.S. Dist. Lexis 26689, *4 (M.D. Fla. 2008) (citations omitted).  **Indeed, Defendant does not deny that many of the terms which Defendant claims to be vague were terms discussed at length during the deposition of Defendant's corporate representative**.  An attorney responding to a document request must interpret the request reasonably and naturally in light of the facts and circumstances of the particular case.  *Id*.  Having discussed at deposition the documents sought

---

[2]  For the reasons set forth in Plaintiff's opposition thereto, Defendant's Motion seeking a protective order and stay of discovery, including the disposition of the instant Motion to Compel.  D.E. 72.  Defendant seeks a stay, notwithstanding the fact that it already has responded to discovery and the objections to that discovery are all fully briefed.  Defendant's request for a stay regarding discovery to which it already has responded and Motions to Compel that are fully briefed makes no legal or logical sense.

with the same terminology, it is disingenuous for Defendant to now claim that this very same terminology is too vague to allow it to respond.

## V. THE UNTIMELY PRIVILEGE LOG DEEMS OBJECTIONS BASED UPON PRIVILEGE ARE WAIVED

The untimely production of a privilege log may deem Defendant's objections based upon privilege are waived.  *Pitts v. Francis*, 2008 U.S. Dist. Lexis 41894 (N.D. Fla. 2008).  Defendant failed to serve any privilege log until November 13, 2009, **after** Plaintiff filed her Motion to Compel.  In addition, the privilege log eventually served is insufficient as it is impossible to ascertain to which Request the items listed in the privilege log pertains.  Further, the majority of the entries on the privilege log are insufficient because they do not "provide enough detail to allow opposing counsel the opportunity to challenge the privileged nature of certain entries." *Stern v. O'Quinn*, 253 F.R.D. 663 (S.D. Fla. 2008). For these reasons as well, Defendant's objections based upon privilege are waived.  *See, Pitts, supra.*

## VI. ATTORNEY'S FEES

An award of attorney's fees is **mandatory** unless there is a finding that the objections were substantially justified.  *Tesler v. Costa Crociere SpA*, 2008 U.S. Distr. Lexis 85143 (S.D. Fla. 2008).  For the reasons set forth herein, Defendant's objections are not substantially justified within the meaning of Federal Rule of Civil Procedure 37(b)(2).  *See, DHL Express USA Inc. v. Express Save Industries*, 2009 U.S. Dist. Lexis 102981 (S.D. Fla. 2009).

## VI.  CONCLUSION

For all these reasons, Plaintiff requests that the Court overrule Defendant's objections and compel better responses to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12B, 15,  16, 17,  and 19, including the production of all responsive documents.

Dated: December  17th , 2009          Respectfully submitted,
Boca Raton, Florida

                                            **s/GREGG I. SHAVITZ**
                                            Gregg I. Shavitz (Fla Bar No. 11398)
                                            E-mail: gshavitz@shavitzlaw.com
                                            Hal B. Anderson (Fla Bar No. 93051)
                                            E-mail: hal.anderson@shavitzlaw.com
                                            SHAVITZ LAW GROUP, P.A.
                                            1515 S. Federal Highway, Suite 404
                                            Boca Raton, Florida 33432
                                            Tel: 561-447-8888; Fax: 561-447-8831
                                            Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **December 17, 2009**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                            **s/GREGG I. SHAVITZ**
                                            Gregg I. Shavitz
                                            Hal B. Anderson

## SERVICE LIST
*Kristy Henderson v. Holiday CVS, L.L.C, et al.*
**CASE NO. 09-80909-CIV- MARRA/JOHNSON
United States District Court, Southern District of Florida**

James J. Swartz, Jr, Esq.                                                    (via CM / ECF)
Florida Bar No. 059565
Nancy E. Rafuse, Esq., *pro hac vice*                              (via CM/ECF)
ASHE, RAFUSE & HILL, LLP
E-mail: jimswartz@asherafuse.com
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Telephone: 404-253-6000
Facsimile: 404-253-6060
Attorneys for Defendants