# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

KRISTY HENDERSON, individually and )
on behalf of persons similarly situated, )
)
Plaintiff, )
) CIVIL ACTION NO.:
v. )
) 9:09-cv-80909-Marra/Johnson
HOLIDAY CVS, L.L.C., a Florida limited )
liability company, CVS CAREMARK ) January 29, 2010
CORPORATION, a Delaware corporation )
d/b/a CVS/PHARMACY, CVS )
PHARMACY, INC., a Rhode Island )
corporation, d/b/a CVS/PHARMACY, and )
XYZ ENTITIES 1-1000, fictitious names )
of unknown liable entities, )
)
Defendants. )
)

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the Southern District of Florida, Defendant Holiday CVS, L.L.C. ("CVS" or "Defendant") propounds these Requests for Production of Documents on Plaintiff Kristy Henderson. Plaintiff is to produce documents at the offices of ASHE, RAFUSE & HILL, LLP, 1355 Peachtree Street, Suite 500, Atlanta, Georgia 30309, within 30 days, or at another reasonably convenient place as counsel for Plaintiff and CVS mutually agree.

When responding to these requests for production, furnish all documents available to you, including documents in your possession, custody, or control, or in the possession, custody, or control of any person acting on your behalf, and not merely such documents as is known of your own personal knowledge. DO NOT DESTROY OR DISCARD ANY DOCUMENT, DRAFTS

OF DOCUMENTS, OR INFORMATION CALLED FOR IN DISCOVERY OR RELATING TO THE ALLEGATIONS THAT YOU MAKE. If you cannot produce any documents requested, so state and produce the documents as fully as possible, stating whatever information or knowledge you have concerning the documents or portions not produced.

If any claim of privilege is asserted, please comply with Local Rule 26.1(G)(3).

These requests for production are continuing in nature. They must be supplemented and/or amended if additional information or documents are obtained that are responsive to any of these requests at any time prior to trial, and such supplemental responses and/or documents shall be served and/or produced within ten (10) days after receipt of such new or different information. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, responses must also be supplemented prior to the last day of the discovery period set by the Court.

### DEFINITIONS AND INSTRUCTIONS

Each request is directed to and seeks information, documents, and things available to Plaintiff, her agents, and all persons acting on Plaintiff's behalf. <u>Plaintiff is to provide separate answers to each request.</u>

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. A request for production of "documents" shall encompass, and the response shall include, electronically stored information as included in Federal Rule of Civil Procedure 34 (including, without limitation, electronic or computerized data compilations).

(3) Identify (with respect to persons). When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents, including electronically stored information ("ESI"). When referring to documents, including electronically stored information, to "identify" means to provide, to the extent known, information about the: (i) type of document (including ESI); (ii) its general subject matter; (iii) the date of the document (including ESI); and (iv) author(s), addressee(s), and recipient(s).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is identified as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(8) All/Each. The terms "all" and "each" shall be construed as all and each.

(9) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(10) Number. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

1. All documents prepared, copied, received by you, or otherwise in your possession that relate in any manner to the allegations encompassed by the Complaint and Amended Complaint.

2. Any and all exhibits, notes, memoranda, letters, or other documents you will or may use in support of your allegations in this lawsuit, whether as evidence, base data, or to refresh your recollection or the recollection of any other actual or potential witnesses.

3. All documents concerning your claim that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4. All documents provided to or received from or on behalf of any testifying expert witness and/or any testifying expert or consultant with whom you and/or your attorneys have consulted in connection with any matter concerning this action.

5. All documents concerning or containing any report, summary, draft, or other communication prepared by a testifying expert or consultant with whom you and/or your attorneys conferred concerning any matter at issue in this lawsuit.

6. All documents concerning any policies, procedures, rules, regulations, standards, and/or practices you challenge or contend support any allegation raised in your Complaint and Amended Complaint.

7. All documents concerning or otherwise memorializing any communications between you and any present or former employee of any CVS corporate entity regarding the subject matter or allegations encompassed by the Complaint or Amended Complaint.

8. All statements, affidavits, or declarations, as well as all drafts of and/or revisions to all declarations, affidavits, and/or statements you have authored, reviewed, received and/or requested from any person, including, but not limited to any potential opt-in, concerning CVS or any fact or claim in this case.

9. All documents upon which the amount of any alleged claim of back pay or unpaid wages, including overtime, commission, bonuses, vacation, or sick time pay, and/or any other alleged damages, including liquidated damages, is or may be based, including all documents underlying any purported summary of claimed damages.

10. All documents, including without limitation, summaries, records, pay stubs, W-2s, raw data, correspondence, memoranda, email correspondence, worksheets and/or computation sheets, that relate in any manner to your claimed damages.

11. All documents that reflect or relate to any financial loss you allegedly incurred as a result of alleged unlawful conduct by the Defendants.

12. All documents that support your contention that Defendants engaged in any willful violations of the FLSA.

13. All documents concerning any communications, announcements, advertisements or press releases (whether published or not) concerning your claims in this case, including but not limited to those appearing in or on newspapers, television, magazines, and/or Internet websites.

14. All documents (for example, diaries, notes, calendars) concerning or showing the number of hours you worked daily, weekly, bi-weekly, monthly, and/or annually during any period(s) you were employed in CVS retail stores as an Assistant Store Manager.

15. The notes Plaintiff took about her work at CVS, described in her August 14, 2009, deposition at pages 58-60, and any other notes, diaries, or memorializations Plaintiff made regarding her work at CVS and/or CVS employees.

16. All communications between Plaintiff's counsel and Plaintiff or opt-in plaintiff's or prospective opt-in Plaintiffs.

17. All documents created by or obtained from CVS (excluding documents produced by CVS in this matter) in the possession of Plaintiff or Plaintiff's counsel.

18. All documents concerning the job duties you performed, and/or were expected to perform, while employed as an Assistant Store Manager in CVS retail stores, including without limitation, performance reviews, agenda, associate performance notices, discipline notices, performance improvement plans, codes of conduct, codes of ethics, any promotions for which you applied, and all training materials received as an Assistant Store Manager in CVS retail stores.

19. All documents concerning your efforts to obtain employment during and after your employment in CVS retail stores, including, but not limited to, all correspondence, electronic mail, cover letters, resumes, curricula vitae, biographical data compilations, and employment applications.

20. All documents concerning any potential collective action member, class action member, and/or current or former CVS employee who you or your counsel, or anyone acting on

your behalf, have contacted, have tried to contact, and/or intend to contact for purposes of this litigation.

21. All documents concerning any communication, contact or discussion by you with any CVS employee who is/was higher ranking than you, any CVS human resources personnel, any CVS hotline, and/or CVS's home office concerning any aspect of your employment, including, but not limited to, your job duties, compensation and/or pay.

22. All documents containing, concerning, memorializing or relating to any communication with any CVS current or former employee, relating to any aspect of Plaintiff's employment at CVS or regarding this case.

23. All documents not otherwise produced concerning your employment at CVS retail stores, including, without limitation, your job title, job description, job duties, functions and responsibilities, discipline received, salary, benefits, bonuses, stock options, compensation, attendance, hours worked, tasks performed while on duty, job performance, your claims and allegations in this action.

Respectfully submitted this 29th day of January, 2010.

                                                     _s/ James J. Swartz, Jr._
James J. Swartz, Jr.
*Florida Bar No. 59565*
jimswartz@asherafuse.com
**ASHE, RAFUSE & HILL, LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Counsel for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-CIV- MARRA/JOHNSON

| | | |
|---|---|---|
| KRISTY HENDERSON, ALBERTO MARTINEZ, DEBORA WILLIAMS, WESLEY GORMAN, AND MUHAMMED CHAUDRY, individually and on behalf of persons similarly situated, | ) ) ) ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | 9:09-cv-80909-Marra/Johnson |
| v. | ) ) | January 29, 2009 |
| HOLIDAY CVS, L.L.C., a Florida limited liability company, CVS CAREMARK CORPORATION, a Delaware corporation d/b/a CVS/PHARMACY, CVS PHARMACY, INC., a Rhode Island corporation, d/b/a CVS/PHARMACY, and XYZ ENTITIES 1-1000, fictitious names of unknown liable entities, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I hand-delivered the foregoing **DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** on the following counsel of record:

Gregg I. Shavitz
Hal Anderson
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, FL 33432
gshavitz@shavitzlaw.com

_s/ James J. Swartz, Jr._
James J. Swartz, Jr.
*Florida Bar No. 59565*
jimswartz@asherafuse.com
**ASHE, RAFUSE & HILL, LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia  30309
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Counsel for Defendants

1178.0030.771