# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-80909-CIV-MARRA/JOHNSON

KRISTY HENDERSON,
individually and on behalf of
persons similarly situated,
    Plaintiff,

v.

HOLIDAY CVS, L.L.C,
a Florida limited liability company,
et al.,
    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Plaintiff, KRISTY HENDERSON, by and through the undersigned counsel, hereby responds to Defendant, HOLIDAY CVS, L.L.C.'s First Request for Production numbered 1 through 23, as follows:

This response made by Plaintiff is subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving all rights under the Florida Rules of Civil Procedure ("FRCP"), including the right to object to any other discovery procedures involving or relating to the subject matter of Defendant's Request for Production.

## GENERAL OBJECTIONS

1.    Plaintiff objects to Defendant's Definitions and Instructions and individual Requests to the extent that they attempt to impose any obligations or burdens upon Plaintiff in excess of those stated in the Florida Rules of Civil Procedure.

2.    Plaintiff objects to Defendant's Requests to the extent that they may seek any information and/or documents, including witness statements, that were prepared in anticipation of litigation or for trial by or for Plaintiff or Plaintiff's representatives, on the grounds that any such

information or documents are privileged from discovery absent the requisite showings of "substantial need" and "undue hardship" by Defendants.

3. Plaintiff objects to Defendant's Requests to the extent they may seek information or documents that contain or involve attorney-client communications or attorney work-product, on the ground that such information and documents are privileged from discovery.

4. Plaintiff objects to Defendant's Requests to the extent they may seek the disclosure of mental impressions, conclusions, opinions, or legal theories of Plaintiff or his counsel subject to the work product rule.

5. Plaintiff objects to Defendant's Requests to the extent that they seek information not discoverable under the Florida Rules of Civil Procedure.

## PRELIMINARY STATEMENT

1. The following responses are based upon information presently within Plaintiff's possession and control and does not include those documents intended to be produced by Defendants to Plaintiff which may be responsive to items requested in this Defendant's Request to Produce, but obviously Defendant's have same in its possession and control already. Said responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts. Said responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

2. No incidental or implied admissions of fact by Plaintiff is made by the responses below. The only admissions are express admissions. The fact that Plaintiff has responded to any Request herein may not properly be taken as an admission that Plaintiff accepts or admit the existence of any fact set forth or assumed by such Request for Production, or that such response constitutes admissible evidence. The fact that Plaintiff has produced documents in response to part

2

of or all of any Request for Production is not intended to, and shall not be, construed to be a waiver by Plaintiff of all or any part of any objection to any Request for Production made by Plaintiff.

3. This preliminary Statement is incorporated into each of the responses set forth below.

## DOCUMENTS TO BE PRODUCED

1. All documents prepared, copied, received by you, or otherwise in your possession that relate in any manner to the allegations encompassed by the Complaint and Amended Complaint.

**Answer:** **Plaintiff refers Defendants to documents produced with her Initial Disclosures: HENDERSON 001 – 002 and HENDERSON 3 – 13. Additional Documents responsive to this Request in Plaintiff's possession, custody or control, have been produced herein.**

2. Any and all exhibits, notes, memoranda, letters, or other documents you will or may use in support of your allegations in this lawsuit, whether as evidence, base data, or to refresh your recollection or the recollection of any other actual or potential witnesses.

**Answer:** **Other than that which has already been produced and will be produced by Defendant to Plaintiff in response to discovery, none other than what is already identified above was in Plaintiff's possession at the start of this lawsuit.**

3. All documents concerning your claim that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

**Answer:** **None in Plaintiff's possession and control, other than that which is responsive to number 1 above.**

4. All documents provided to or received from or on behalf of any testifying expert witness and/or any testifying expert or consultant with whom you and/or your attorneys have consulted in connection with any matter concerning this action.

**Answer:** **None.**

3

5.   All documents concerning or containing any report, summary, draft, or other communication prepared by a testifying expert or consultant with whom you and/or your attorneys conferred concerning any matter at issue in this lawsuit.

**Answer:   None.**

6.   All documents concerning any policies, procedures, rules, regulations, standards, and/or practices you challenge or contend support any allegation raised in your Complaint and Amended Complaint.

**Answer:   None in Plaintiff's possession and control.**

7.   All documents concerning or otherwise memorializing any communications between you and any present or former employee of any CVS corporate entity regarding the subject matter or allegations encompassed by the Complaint or Amended Complaint.

**Answer:   None.**

8.   All statements, affidavits, or declarations, as well as all drafts of and/or revisions to all declarations, affidavits, and/or statements you have authored, reviewed, received and/or requested from any person, including, but not limited to any potential opt-in, concerning CVS or any fact or claim in this case.

**Answer:   Objection. Work product privilege. Without waiving said objections, none other than that which is already on file with the Court in this case.**

9.   All documents upon which the amount of any alleged claim of back pay or unpaid wages, including overtime, commission, bonuses, vacation, or sick time pay, and/or any other alleged damages, including liquidated damages, is or may be based, including all documents underlying any purported summary of claimed damages.

4

**Answer:** None.

10. All documents, including without limitation, summaries, records, pay stubs, W-2s, raw data, correspondence, memoranda, e-mail correspondence, worksheets and/or computation sheets, that relate in any manner to your claimed damages.

**Answer:** **None other than to the extent documents produced in response to number 1 above may be responsive. Additionally, I believe notes which are referenced in request number 15 below and I am looking for same to produce.**

11. All documents that reflect or relate to any financial loss you allegedly incurred as a result of alleged unlawful conduct by the Defendants.

**Answer:** None.

12. All documents that support your contention that Defendants engaged in any willful violations of the FLSA.

**Answer:** None.

13. All documents concerning any communications, announcements, advertisements or press releases (whether published or not) concerning your claims in this case, including but not limited to those appearing in or on newspapers, television, magazines, and/or Internet websites.

**Answer:** **My counsel listed this case on their web site which I believe is still available on the web.**

14. All documents (for example, diaries, notes, calendars) concerning or showing the number of hours you worked daily, weekly, bi-weekly, monthly, and/or annually during any period(s) you were employed in CVS retail stores as an Assistant Store Manager.

**Answer:** **See response to number 10 above.**

5

15. The notes Plaintiff took about her work at CVS, described in her August 14, 2009, deposition at pages 58-60, and any other notes, diaries, or memorializations Plaintiff made regarding her work at CVS and/or CVS employees.

**Answer:** **See response to number 10 above.**

16. All communications between Plaintiff's counsel and Plaintiff or Opt-in plaintiff's or prospective Opt-in Plaintiffs.

**Answer:** **Objection. Attorney-client privilege and work product privilege**

17. All documents created by or obtained from CVS (excluding documents produced by CVS in this matter) in the possession of Plaintiff's counsel.

**Answer:** **See response to number 1 above.**

18. All documents concerning the job duties you performed, and/or were expected to perform, while employed as an Assistant Store Manager in CVS retail stores, including without limitation, performance improvement plans, codes of conduct, codes of ethics, any promotions for which you applied, and all training materials received as an Assistant Store Manager in CVS retail stores.

**Answer:** **None.**

19. All documents concerning your efforts to obtain employment during and after your employment in CVS retail stores, including, but not limited to, all correspondence, electronic mail, cover letters, resumes, curricula vitae, biographical data compilations, and employment applications.

**Answer:** **Resume to be provided.**

20. All documents concerning any potential collective action member, class action member, and/or current or former CVS employee who you or your counsel, or anyone acting on your behalf, have contacted, have tried to contact, and/or intend to contact for purposes of this litigation.

**Answer:** **Objection. Attorney work product privilege and irrelevant and informer's privilege.**

21. All documents concerning any communication, contact or discussion by you with any CVS employee who is/was higher ranking than you, any CVS human resources personnel, any CVS hotline, and/or CVS's home office concerning any aspect of your employment, including, but not limited to, your job duties, compensation and/or pay.

**Answer:** **None.**

22. All documents containing, concerning, memorializing or relating to any communication with any CVS current or former employee, relating to any aspect of Plaintiff's employment at CVS or regarding this case.

**Answer:** **Objection. Attorney work product privilege and irrelevant and informer's privilege.**

23. All documents not otherwise produced concerning your employment at CVS retail stores, including, without limitation, your job title, job description, job duties, functions and responsibilities, discipline received, salary, benefits, bonuses, stock options, compensation, attendance, hours worked, tasks performed while on duty, job performance, your claims and allegations in this action.

**Answer:** **None other than that which is produced above.**

Dated: March____ 2010
      Boca Raton, Florida

Respectfully submitted,

_____
Gregg I. Shavitz (Fla Bar No. 11398)
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson (Fla Bar No. 93051)
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel: 561-447-8888; Fax: 561-447-8831
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail on all counsel or parties of record on the attached service list, this ____ day of March 2010.

_____
Gregg I. Shavitz
Hal B. Anderson

## SERVICE LIST
*Kristy Henderson v. Holiday CVS, L.L.C, et al.*
**CASE NO. 09-80909-CIV- MARRA/JOHNSON**
**United States District Court, Southern District of Florida**

James J. Swartz, Jr, Esq.
Florida Bar No. 59565
E-mail: jimswartz@asherafuse.com
Nancy E. Rafuse, Esq.
E-mail: nancyrafuse@asherafuse.com
ASHE, RAFUSE & HILL, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Telephone: 404-253-6000
Facsimile: 404-253-6060
Attorneys for Defendants

David M. DeMaio, Esq.
Florida Bar No. 886513
E-mail: david.demaio@ogletreedeakins.com
Christopher P. Hammon, Esq.

8

Florida Bar No. 176753
E-mail: chris.hammon@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Brickell Avenue, Suite 2020
Miami, FL 33131
Telephone: 305-374-0506
Facsimile: 305-374-0456
Attorneys for Defendants