UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80909-MARRA/JOHNSON

KRISTY HENDERSON, individually and
on behalf of persons similarly situated,

    Plaintiff,

vs.

HOLIDAY CVS, L.L.C., a Florida limited
liability company, CVS CAREMARK
CORPORATION, a Delaware corporation
d/b/a CVS PHARMACY, CVS PHARMACY,
INC., a Rhode Island corporation d/b/a CVS
PHARMACY, and XYZ ENTITIES 1-1000,
fictitious names of unknown liable entities,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion For An Order Requiring Defendants To Conduct Representative Discovery. (DE 142). The motion is fully briefed and ripe for review. The Court has carefully considered the briefing and is otherwise advised in the premises.

This is a collective action by Plaintiff Kristy Henderson and approximately 163 other "opt-in" plaintiffs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, against Holiday CVS, LLC, CVS Caremark Corporation, CVS Pharmacy Inc., and XYZ Entities 1-1000 (collectively, "CVS" or "Defendants"). Plaintiff alleges that when working as an assistant manager for CVS, Defendants misclassified her as an employee exempt under the FLSA and thereby wrongfully denied her federally mandated overtime pay.

On May 10, 2010, the Court conditionally certified this action as a representative action under 29 U.S.C. § 216(b) and oversaw the mailing of opt-in notices to all potential plaintiffs. (DE 104). Approximately 163 additional plaintiffs have since opted-in to this action.

On September 10, 2010, Defendants filed their Proposal Regarding Discovery Schedule (DE 140), in which Defendants proposed individual discovery, including depositions, on all opt-in plaintiffs. On September 20, 2010, Plaintiff filed the instant motion, requesting an order requiring Defendants to conduct representative discovery. Specifically, Plaintiff proposes that "each Party be permitted to select 10 Opt-In Plaintiffs upon whom Defendant may serve discovery and depose." Pl.'s Mot. at 10. Defendants contend that Plaintiff's proposed discovery restrictions is a denial of due process because Defendants need individualized information to move for decertification of the representative action and to establish defenses as to each plaintiff's claims. Defs.' Mot. at 1-2. Specifically, Defendants argue that they need information "detailing the actual day-to-day duties performed by each opt-in" for their decertification motion and to prepare their defense on the merits. Defs. Mot. at 15.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," unless "otherwise limited by court order." Fed. R. Civ. P. 26(b)(1). District courts "may alter the limits in these rules on the number of depositions and interrogatories." Fed. R. Civ. P. 26(b)(2). "On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C)(iii). "The trial court . . . has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports

the decision." *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992) (internal quotation marks omitted) (alteration in original).

Here, the question whether the opt-in plaintiffs are "similarly situated" within the meaning of 29 U.S.C. § 216(b) is still a central issue because Defendants intend to move to decertify the conditionally certified class, as allowed by this Circuit's two-tiered class-certification process for FLSA actions. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2003) (explaining that the first stage requires the court to conditionally certify a class if the pleadings establish that the class members are similarly situated, while the second stage occurs at the end of discovery, typically upon the defendant's motion to decertify, and requires the court to make a more rigorous factual determination on the similarly situated question). At the next stage, Defendants will need information regarding each opt-in plaintiff's job duties to contest the similarities within the class. Individualized discovery is thus relevant and necessary.

However, given the burden and expense of deposing all 163 opt-in plaintiffs, the Court will exercise its discretion to limit Defendants' individualized discovery to written discovery requests. Defendants may therefore propound interrogatories and document-production requests, if any, on all opt-in plaintiffs.

With respect to depositions, the Court concludes that deposing a representative sample of the opt-in plaintiffs is sufficient for Defendants' purpose of refuting similarity among the opt-in class members. The Court believes that a sample of approximately 15% of the opt-in plaintiffs strikes the proper balance between providing Defendants with sufficient information to contest certification on the one hand, and avoiding undue burden to all parties on the other. *See, e.g.*,

*Morales v. Farmland Foods, Inc.*, No. 08-504, 2010 WL 3447513, at *2 (D. Neb. Aug. 27, 2010) ("[L]imiting discovery to a random sample of fifteen percent of the [FLSA] opt-in class members is reasonable."). Thus, Defendants are permitted to depose twenty-five (25) opt-in plaintiffs.

With respect to the selection process of these twenty-five deponents, the Court concludes that Defendants, who absent the discovery process are significantly limited in their ability to derive information to oppose Plaintiff's similarly situated claims, should be entitled to select a larger portion of the twenty-five deponents than Plaintiff. Defendants are "not in a position to obtain the evidence [they] need to properly support a decertification motion absent such discovery." *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521, D.E. 127, Slip Op. at 4-5 (S.D. Fla. Jan. 18, 2006). In contrast, Plaintiff "could respond to [Defendants' decertification] motion with evidence from any of the remaining opt-in class members from whom Plaintiff[] can presumably obtain affidavits or other necessary information." *Id.* at 4. Thus, weighing the parties' competing interests, the Court concludes that Defendant shall be permitted to choose eighteen (18) individuals whom it wishes to depose, and Plaintiff shall be permitted to choose seven (7) individuals whom Defendant may depose.

The present posture of this case is significant for this limitation on depositions. The discovery outlined herein is focused towards decertification of the conditionally certified class, not towards the merits of Plaintiff's claims. Written discovery on all opt-in plaintiffs, coupled with depositions of a 15% representative sample, should suffice to provide Defendants with enough information to argue whether the members of the conditionally certified class are similarly situated. Defendants' arguments concerning the necessity of individualized depositions to establish its defenses on the merits, Defs.' Mot. at 6-9, are premature. In the event that this

collective action is not decertified and does proceed to trial, Defendants may request additional discovery that they deem necessary for their defense.

For the forgoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion For An Order Requiring Defendants To Conduct Representative Discovery (DE 142) is **GRANTED IN PART AND DENIED IN PART**. Defendants are permitted to serve written discovery on all opt-in plaintiffs. Defendants are permitted to depose twenty-five (25) opt-in plaintiffs, selected in accordance with the directives of this Order. This ruling is without prejudice to Defendants seeking additional discovery after the Court rules on Defendants' decertification motion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 15th day of November, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record